UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLAUDE BOLING,

    Plaintiff,                    CASE NO: 08-CV-10043

v.                                       DISTRICT JUDGE DENISE PAGE HOOD
                                          MAGISTRATE JUDGE CHARLES E. BINDER
CORRECTIONAL MEDICAL SERVICES,
INC., TERRY L. ARNOLD, Nurse,
and DEBORAH CARY, Nurse,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice because it is barred by res judicata and fails to state a claim upon which relief can be granted.

## II.   REPORT

### A.   Introduction

Plaintiff Claude Boling is a state prisoner who is currently incarcerated at the Florence Crance Correctional Facility in Coldwater, Michigan. On January 3, 2008, Plaintiff filed this *pro se* civil action. (Compl., Dkt. 1.) Plaintiff filed an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute on that same date. (Dkt. 2.); 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings

pursuant to 28 U.S.C. § 636(b)(1)(B) on January 7, 2008. (Dkt. 3.) Plaintiff has also filed a lawsuit based on the exact same set of facts and the same parties, except that Defendant Cary was not sued in the previous action. (E.D. Mich. 07-11752.) An Order granting motions to dismiss and for summary judgment was entered by U.S. District Judge O'Meara in that case on November 30, 2007, based on Plaintiff's failure to exhaust administrative remedies, and Plaintiff has filed a notice of appeal from that decision. (07-11752, Dkts. 40-42.) After having reviewed the dockets and having screened the complaint, I find that the case is ready for Report and Recommendation.

### B. The Complaint

Plaintiff's complaint refers to 42 U.S.C. § 1983 and alleges that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. Although currently incarcerated outside this District, the events giving rise to Plaintiff's complaint occurred as the Southern Michigan Correctional Facility (JMF) prior to its closure. Specifically, Plaintiff avers that on December 27, 2006, Plaintiff complained of an "extremely bad stomach ache that had started the day before" and was seen by Defendant nurse Arnold. (Compl., Dkt. 1 ¶ 1.) Defendant Arnold concluded that Plaintiff had "'stomach gas'" and was given "two pills for pain and just two antacids." (*Id.* ¶ 2.) On December 29, 2006, Plaintiff alleges that his stomach pain had worsened and that he was seen by Defendant nurse Cary. (*Id.* ¶ 3.) Defendant Cary believed that Plaintiff had "'stomach flu.'" (*Id.*) On December 30, 2006, Plaintiff's pain had increased so much that he could not sleep. (*Id.* ¶ 4.) Plaintiff wrote a note to the unit officer and was promptly taken to the Duane Waters Hospital where he was diagnosed with appendicitis and where he was given an appendectomy. (*Id.* ¶ 5.) Plaintiff complains that when he returned to the prison, he filed a grievance alleging deliberate indifference but that "nothing was done." (*Id.* ¶ 6.) Plaintiff seeks compensatory and punitive damages as well as damages for mental and emotional distress. (*Id.*)

As indicated above, the complaint in case no. 07-11752 is virtually the same with the exception of failing to name Defendant Cary as a party defendant.

## C. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

4

## D. Discussion

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs and thus, violated his Eighth Amendment rights. As indicated above, the instant complaint is duplicative of the one filed in case no. 07-11752, in which Judge O'Meara, dismissed the complaint based on Plaintiff's failure to exhaust his administrative remedies.

Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *Bittinger v. Tecumseh Prods. CO.*, 123 F.3d 877, 880 (6th Cir. 1997). In the instant case, I suggest that all four elements are present. Judge O'Meara issued a final judgment in case no. 07-11752 which involved the same parties with the instant lawsuit. The instant complaint alleges the exact same set of facts and the same cause of action. Plaintiff's addition of Defendant Cary to the instant case does not, I suggest, defeat the application of res judicata, as Defendant Cary is in privity with the defendants from the former lawsuit. Accordingly, I suggest that Plaintiff's complaint is barred under the doctrine of res judicata and should be dismissed. *Butterfield v. Sanders*, No. 2:07-CV-11477, 2007 WL 1106139, *2 (E.D. Mich. Apr. 10, 2007), citing *Buttts v. Wilinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998)(upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based on res judicata doctrine).

As an alternative ground for dismissal, I suggest that Plaintiff's complaint fails to state a claim upon which relief can be granted. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs

of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and

6

those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, Plaintiff complains that his appendicitis was not properly diagnosed by the Defendant nurses when they instead believed he suffered from gas or stomach flu. This complaint alleges, at most, that Defendants Arnold and Cary were negligent in diagnosing his ailment during the two or three day period before his condition became acute. According to Plaintiff's complaint, once his condition worsened to the point that his pain had become acute, he was immediately taken to the hospital and given the appropriate surgery to remove his appendix. (Dkt. 1 ¶ 5.)

I suggest that Plaintiff's frustration that he was not properly diagnosed for two or three days until he was taken to the hospital for an appendectomy does not state a claim of constitutional magnitude. *Westlake, supra; Farmer,* 511 U.S. at 835-36. "Whether diagnostic techniques or particular forms of treatment are indicated for a prisoner is a matter of medical judgment and a medical decision not to order such measures does not equate with cruel and unusual punishment in violation of the Eighth Amendment." *Richardson v. Hackel*, No. 05-CV-73339-D, 2005 WL 2173326, *2 (E.D. Mich. Sept. 6, 2005), citing *Sult v. Prison Health Services Polk County Jail*, 806 F. Supp. 251, 252 (M.D. Fla. 1992).

I further suggest that Plaintiff received medical attention commensurate with the level of discomfort and symptoms that he was experiencing. Once his condition became severe such that his pain prevented him from proper sleep, he was promptly taken to the hospital. I thus suggest that the allegations in this case could only constitute negligence or malpractice which is

insufficient to state a cause of action under § 1983. *Napier, supra; Valchar v. Swart*, 193 F.3d 518 (1999)(finding plaintiff alleged mere negligence where he contended that defendant "failed to promptly diagnose and treat his ruptured appendix"); *Daniels v. Correctional Medical Services, Inc.*, 380 F. Supp. 2d 379, 386 (D. Del. 2005)(dismissing Eighth Amendment claim where no evidence that "plaintiff was prevented from seeking healthcare, or that his complaints of pain were not taken seriously" even though he was ultimately diagnosed with appendicitis); *Garrett v. UTMB*, No. 9:06cv246, 2007 WL 1115250 (E.D. Tex. 2007)(dismissing Eighth Amendment claim where defendants had mis-diagnosed plaintiff with a urinary tract infection rather than appendicitis where, although mistaken, medical personnel "consistently acted to treat the ailment from which they though he suffered"); *contrast*, *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004)(denying summary judgment where the plaintiff was denied any medical attention despite having described the "sharp" and "extreme" pain in the abdomen and vomiting which are classic signs of appendicitis such that when the plaintiff did finally see a nurse, she readily diagnosed him).

I further suggest that Plaintiff has failed to aver facts showing that any defendants acted with a "sufficiently culpable state of mind" under the subjective component of the deliberate indifference standard. *Wilson,* 501 U.S. at 298. Instead Plaintiff's own allegations complain only about mis-diagnosis of the Defendant nurses and reveal immediate action taken once Plaintiff's symptoms necessitated such action.

As a final alternative ground for dismissal, I suggest that any claim against Defendant Correctional Medical Services ("CMS") must fail for an additional reason. "§ 1983 liability must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the

supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999), quoting *Hays v. Jefferson County, Ky*, 668 F.2d 869, 874 (6th Cir. 1982). In order to state a claim Plaintiff must allege that Defendant company made a deliberate choice among various alternatives and that the policy caused the injury. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1997); *Starcher v. Correctional Medical Services*, 7 Fed. Appx. 459, 465 (6th Cir. 2001). Here, Plaintiff has not alleged that Defendant CMS made a policy choice or even that Defendant CMS "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007), quoting *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995). Therefore, I suggest that Plaintiff has not stated a claim against Defendant CMS. *Shehee, Petty, Pembaur, and Starcher supra.*

### E. Conclusion

For all the above reasons, I recommend that the Court *sua sponte* dismiss the case with prejudice based on res judicata and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

               s/ *Charles E Binder*
               CHARLES E. BINDER
Dated: January 10, 2008       United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Order was electronically filed this date and served on Claude Boling by first class mail.

Date: January 10, 2008    By  s/Patricia T. Morris
              Law Clerk to Magistrate Judge Binder