UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLAUDE BOLING,

    Plaintiff,

v.

Case No. 08-10043

HONORABLE DENISE PAGE HOOD

CORRECTIONAL MEDICAL SERVICES, INC.,
TERRY L. ARNOLD, and DEBORAH CARY

    Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATIONS

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation [**Docket No. 5**] filed January 10, 2008. Plaintiff filed his Objection to the Report and Recommendation January 28, 2008. [**Docket No. 6**].

**II.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III.     ANALYSIS

Plaintiff Claude Boling is currently incarcerated by the Michigan Department of Corrections (MDOC) at its Florence Crane Correctional Facility in Coldwater, Michigan. Plaintiff alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. Plaintiff made the same complaint in case no. 07-11752, which Judge John Corbett O'Meara dismissed due to Plaintiff's failure to exhaust his administrative remedies.

In the instant case, Magistrate Judge Charles Binder recommends dismissal of the complaint based on res judicata. A claim is barred by prior litigation if the following elements are met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *Bittinger v. Tecumseh Prods. CO.*, 123 F.3d 877, 880 (6th Cir. 1997). All four elements of res judicata are present: a final judgment was issued in case no. 07-11752, which involved the same parties as the instant lawsuit, and the complaint alleges the same facts and same cause of action. (Magistrate Judge Charles E. Binder's Report and Recommendation at 5).

The Magistrate Judge also recommends Plaintiff's claim of deliberate indifference be dismissed for failure to state a claim upon which relief can be granted. Mere inadequate medical treatment is not sufficient to state a violation of the Eight Amendment, nor is a complaint that a physician has been negligent in diagnosing or treating a medical condition a valid claim of medical mistreatment under the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976).

Plaintiff filed a timely Objection to the Report and Recommendation [Docket No. 6], on January 28, 2008. Plaintiff argues that this violation of his Constitutional rights to medical care is supported by the facts and case law, and cites *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004). (Pl's. Notice of Objections to Magistrate Judge Binder's Report and Recommendation). The facts in *Blackmore*, however, differ from those in the instant case. In *Blackmore*, the court held that the defendants had a sufficiently culpable state of mind when they denied medical treatment to Plaintiff when he complained of "sharp abdominal pain." 390 F.3d 896. Plaintiff was seen by non-medical prison officials who gave the plaintiff antacids. *Id.* Plaintiff vomited, was placed in an observation cell, and did not receive any medical attention until over fifty hours after he was arrested. *Id.* In contrast, Plaintiff in the instant case received medical attention by nurses who gave him pills and antacids for his stomach pain and was taken and admitted to the hospital promptly after complaining that he could not sleep due to the increase in pain. (Compl. ¶¶ 4-5.)

This Court agrees that Plaintiff appears to have received the medical care needed, and that Plaintiff's mere disagreement with the type of medical care given does not give rise to a claim of constitutional magnitude. Plaintiff's complaint appears to claim that the treatment given to him was constitutionally infirm because his condition was not cured. This Court agrees that a failure to cure a condition alleges, at most, negligence, and fails to state an Eighth Amendment claim. See *Webster v. Simpson*, 24 Fed. Appx. 452 (6th Cir. 2001). Plaintiff has failed to show that Defendants acted with a culpable state of mind or were deliberately indifferent to his medical needs. *Id.* As such, Plaintiff's Objection to the Report and Recommendation is DENIED.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Charles E. Binder, filed January 10, 2008 [**Docket No. 5**] is ACCEPTED AND ADOPTED as the Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation [**Docket No. 6, filed January 28, 2008**] are DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.


                    S/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

Dated: June 25, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2008, by electronic and/or ordinary mail.

                    S/William F. Lewis
                    Case Manager